IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:41 am, Mar 05, 2018*

LEVI ARTHUR FEDD,

    Plaintiff,

    v.

UNKNOWN, et al.,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-95

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Ware State Prison in Waycross, Georgia, filed a Complaint, as amended, pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement. (Docs. 1, 8, 15.) The Court **VACATES** the Report and Recommendation filed on January 26, 2018, (doc. 14), in light of Plaintiff's January 23, 2018, executed Second Amended Complaint, (doc. 15, p. 6). For the reasons set forth below, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 6, 9, 16), and **DISMISSES AS MOOT** all other pending Motions. In addition, I **RECOMMEND** the Court **DISMISS** Plaintiff's action for failure to state a claim and failure to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a R&R the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280,

## BACKGROUND

Plaintiff filed his Complaint on July 28, 2017, in the United States District Court for the Northern District of Georgia. (Doc. 1.) The case was transferred to the instant District on August 3, 2017, and the Clerk of Court directed Plaintiff to either pay the filing fee or file a Motion for Leave to Proceed *in Forma Pauperis*. (Docs. 2–5.) Plaintiff filed his *in forma pauperis* Motion on August 24, 2017. (Doc. 6.) However, on October 3, 2017, the Court deferred ruling on Plaintiff's *in forma pauperis* Motion and directed Plaintiff to file an Amended Complaint and re-file his Motion for Leave to Proceed *in Forma Pauperis* using the correct form. (Doc. 7.) Plaintiff's original Complaint consisted of conclusory statements and failed to name a Defendant. (Doc. 1.) The Court advised Plaintiff that, in its current form, his Complaint failed to state a viable claim. (Doc. 7, pp. 2–4.)

The Court provided specific instructions as to how Plaintiff should amend his complaint, including a directive to "only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences" and to "omit all legal argument or conclusions." (Id. at p. 5.) In response, Plaintiff filed another deficient Complaint. (Doc. 8.) Plaintiff's Amended Complaint alleged class action claims contesting a wide variety of issues, including access to legal materials, conditions of confinement, and segregation. (Doc. 8-1.)

However, the Court provided Plaintiff with yet another opportunity to amend. (Doc. 12.) The Court advised Plaintiff that he could not file a class action and directed him to pay special attention to the Court's detailed instructions regarding how to file a proper Second Amended

---

1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Complaint. (Id. at pp. 2–3.) The Court further warned Plaintiff that a failure to properly amend would result in dismissal. (Id.)

On January 26, 2018, I recommended dismissing Plaintiff's case because Plaintiff failed to file a Second Amended Complaint. (Doc. 14.) However, on February 5, 2018, Plaintiff filed a Second Amended Complaint that was executed on January 23, 2018. (Doc. 15, p. 6.) Plaintiff's Second Amended Complaint makes a wide variety of allegations against a new set of Defendants, including, among other things: deliberate indifference to medical needs by taking his cane and orthotic shoe away; unsanitary prison conditions; inadequate legal access; retaliation; lack of exercise; and housing him with dangerous prisoners. (Doc. 15-1.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See

Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157,

1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Failure to State a Claim and Failure to Follow this Court's Orders

This Court issued several Orders directing Plaintiff to amend his Complaint and provided specific instructions as to how Plaintiff could amend to state a plausible claim. (Docs. 7, 12.) Specifically, the Court provided a detailed list of directives to ensure he filed a proper Complaint. Among those directives, the Court instructed Plaintiff to:

(3) add no more than ten (10) pages to the form; . . .
(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;
(8) clearly identify each defendant responsible for each alleged violation;
(9) omit all legal argument or conclusions . . . .

(Doc. 12, p. 3 (emphasis in original).) The Court further advised Plaintiff to pay special attention to the underlined directives. (Id.) However, Plaintiff ignored the Court's instructions and instead submitted yet another deficient Complaint. In fact, Plaintiff's Second Amended Complaint violates those very same directives the Court instructed Plaintiff to pay special attention to. Plaintiff fails to state which Defendant is responsible for which allegations, asserts largely asserts legal conclusions, fails to include only related transactions, and attaches twenty-three (23) pages to his form. (Doc. 15-1.)

The Court warned Plaintiff in its Orders that, if he did not file appropriately amended Complaints, the Court would dismiss his case. (Doc. 7, p. 5; Doc. 12, p. 3.) Accordingly, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Second Amended Complaint for failure to state a claim and for failure to follow this Court's Orders. See Taylor v. Spaziano, 251 F. App'x

5

616, 620–21 (11th Cir. 2007) (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint).

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[2] A certificate of appealability is not required in this Section 1983 action.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 6, 9, 16), and **DISMISSES AS MOOT** all other pending Motions. In addition, I **RECOMMEND** the Court **DISMISS** Plaintiff's action for failure to state a claim and failure to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of March, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA